# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

CHARLES IVES, Respondent, v. Mrs. JOHN WATERS, Appellant.

*Evidence — mercantile books of account — what must be shown to authorize their reception as evidence in favor of the party keeping them.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought upon an alleged balance of account for meats sold and delivered by the plaintiff to the defendant, from time to time, between August 5, 1867, and November 14, 1874. The answer, besides containing a general denial, set up, among other things, the statute of limitations as a bar.

There was no direct testimony that the several items constituting the account were, in fact, sold and delivered to the defendant. The plaintiff himself, who was the only witness upon that subject, testified in substance in a general way, that the defendant was indebted to him for meats purchased at different times of him and his brother. A witness by the name of Benjamin F. Waters was then sworn, to the effect that he had purchased goods of the plaintiff and had had a running account with him, and that he had settled with the plaintiff from the books presented by him, and that he found them to be fair and honestly kept. The account book of the firm of S. T. & C. Ives, of which the plaintiff was a member, supposed to contain the items comprising the bill of particulars, was, under proper objection and exception by the defendant's counsel, put in evidence.

It further appears in the case that one-fourth of the entries upon the book put in evidence were in the plaintiff's handwriting, and three-fourths thereof in the handwriting of his partner. It is also shown that the book is not one of original entry, but that a man by the

name of Foot, who was in the employ of the firm of S. T. & C. Ives, made the original entries in a book called the blotter, from which they were transferred to the ledger. The blotter was not produced, nor was its absence accounted for, nor was Mr. Foote called as a witness, nor was the failure to call him explained.

The court at General Term said : " Very little need be said as to the right of recovery for the seventy dollars and ninety-eight cents. The theory upon which mercantile books may be substituted for direct evidence of a sale and delivery requires that they be actually produced. Testimony to the effect only that an account book once existed which in the aggregate amounted to a given indebtedness, and is lost, proves nothing, though accompanied by the general statement that some of the items were in fact delivered.

" But, furthermore, we are of the opinion that no foundation was laid for the introduction of the plaintiff's books in evidence for any purpose. The rule as stated in *Vosburgh* v. *Thayer* (12 Johns., 462), and as it still exists, is, that a foundation must be laid for their admission by proving that the party had no clerk ; that some of the articles charged have been delivered ; that the books produced are the account books of the party and that he keeps fair and honest accounts, and this by those who have dealt and settled with him. There exists no reason for relaxing the rule in any particular, because it was established by the courts, when parties could not be witnesses in their own behalf, and it is a clear innovation upon the ancient common law which precludes parties from making evidence in their own behalf. The entries were not original and were not transferred from original minutes made by the witness.

" In *Burton* v. *Plummer* (2 Ad. & Ellis, 341) the tradesman copied the entries into a ledger in the presence of the clerk from a waste book kept by the latter, but the court held that the clerk might use the ledger as an original book and testify from its contents, otherwise the original book must be produced.

" In *Gould* v. *Conway* (59 Barb., 355) where entries were reported by a salesman, it was held that there must be testimony of the salesman in connection with the book. In *McGoldrick* v. *Wilson* (18 Hun, 443) the entries being transferred by the salesman from the slate to a book, were admitted in evidence only because sustained

by his testimony. (See, also, *Peck* v. *Van Keller*, 15 Hun, 471; *Marcly* v. *Schults*, 29 N. Y., 351; *Russell* v. *Hudson River R. R. Co.*, 17 id., 134; *White* v. *Ambler*, 8 id., 170.)

" It was not enough to establish the case to produce the ledger into which the contents of the blotter were copied by another than the salesman. It was incumbent upon the plaintiff to call Mr. Foote, who, though a butcher, was clearly a salesman or clerk of the firm, or show that his testimony could not be procured. (*Fisher* v. *Mayor*, etc., 67 N. Y., 73; *Ocean National Bank* v. *Carll*, 55 id., 440.)

" We think it was error, under the circumstances, to receive the plaintiff's book (the day book and ledger combined) in evidence." * * *

*George W. Bagg*, *George A. Benton* and *Theodore W. Dwight*, for the appellant.

*A. W. Mills*, for the respondent.

Opinion by MACOMBER, J.

Present — SMITH, P. J., HARDIN and MACOMBER, JJ.

Judgment reversed, and new trial ordered before another referee, costs to abide event.